ADAMS v. SHELBY.

1. Where a paper was left in a pocket book, in a law office, which on search could not be found, it is not necessary to produce the lawyer to testify to its loss, it not being shown to have been in his personal custody. When an instrument alleged to be lost has been recorded, much less stringent proof will be required of its loss than in other cases.
2. An answer in chancery, admitting the correctness of a copy of a deed, made by another person, and to which there was no subscribing witness, is evidence, both of the contents and execution of the deed, against the person making such admission.
3. When a party by fraud obtains possession of property, under a contract which he had not complied with on his part, an offer by the defrauded party, to make a new contract, which is not acceded to, is not a waiver of any right he had against the other for the fraud practiced.

Error to the Circuit Court of Talladega.

DETINUE for eight slaves.

Upon the trial under the general issue, as appears from a bill of exceptions, the plaintiff was sworn to give evidence of the loss of a deed of trust, executed by one Thomas L. Holley, to him, for the slaves in controversy, to secure certain debts therein specified, and made oath, that the deed had been in his possession; that in 1844 he left it in his pocket book, in the law office of Nathaniel Cook, at Hayneville, where he kept some of his papers. That he and Cook had examined the office for the deed, and could not find it, and that he had diligently searched his papers, and believed it to be lost.

The plaintiff then produced an answer of defendant to a bill in chancery, between the plaintiff as complainant, and the defendant and others as defendants, admitting the execution of a deed of trust referred to in the bill, and made an exhibit thereto, and that it was registered in due time. The plaintiff also offered in evidence, so much of the bill as was

necessary to explain the answer, including the exhibit to the bill, which was a duly certified transcript of the deed. The plaintiff also offered the record book of the county court, which contained the deed of trust duly recorded.

The defendant objected separately to the introduction of the portions of the answer, bill, exhibit and record book, or to any portion thereof, but the court overruled the objection, and permitted the testimony to be read to the jury.

The depositions of several witnesses on both sides being read to the jury, the defendant moved the court to charge the jury, that although they might believe from the evidence, that the defendant was guilty of a fraud in executing the mortgage to the plaintiff, in the manner shown by the evidence, and then left the same in the possession of Nathaniel Cook, for the plaintiff, and if within a month thereafter, the plaintiff obtained possession of said mortgage, and ascertaining its contents, and then sent it by mail to D. A. Griffin, in Talladega, with instructions to him to get defendant to acknowledge it before a justice of the peace, with a view of having it recorded, and if Griffin received the mortgage in April, 1844, and too late to have it recorded in due time, and defendant in a few days thereafter, refused to acknowledge it, as shown in evidence, and Griffin knew of such refusal a short time after it occurred, he and defendant residing in Talladega county, and plaintiff residing in Lowndes county, and the plaintiff had not offered to return said mortgage to defendant, before July, 1844, then such offer if made, would not be in a reasonable time.

Also, that if the jury believed the contract for the sale of the land and slaves, was an entire contract, and that the defendant had paid a part of the price agreed upon, then, to rescind the contract, the plaintiff should have returned, or offered to return, the amount so received to defendant; which charges the court refused, and the defendant excepted.

These matters are now assigned as error.

S. F. Rice, for the plaintiff in error, made the following points :

1. Neither a duly certified transcript of a deed, nor the book in which the clerk of a county court records the deed,

is admissible evidence, unless a sufficient reason is shown for the non-production of the original, and the execution of the original is first proved. [Smith v. Armistead's ex'rs, 7 Ala. Rep. 698; Petty v. Walker, at the present term, by Judge Goldthwaite; Beall v. Dearing, 7 Ala. Rep. 424; Parkins v. Cobbett, 1 Car. & Payne, 282.]

2. Nor can an answer in chancery of the adverse party, be admitted to prove either the contents or execution of a deed, without first shewing the *existence* of the original, and a sufficient reason for not producing the original. The answer in chancery is no higher proof than the mere declarations of the party. [Julian, et al. v. Reynolds, et al. 8 Ala. Rep. 680, 684; Patrick & Smith v. Morgan, 7 Ala. Rep. 185.]

3. If written evidence be by the court improperly suffered to go to the jury, to prove a material fact, and competent evidence conclusively proving the same fact, be afterwards offered and received, the error of admitting the improper evidence is not cured. [Whitman & Hubbard v. Farmer's Bank of Chattahoochie, 8 Porter, 258.]

4. A contract for the sale of lands and negroes, upon which the purchaser had paid a part of the purchase money, cannot be rescinded by the seller, even for fraud, without a return or an offer to return the purchase money so received by him. [Norton v. Young, 3 Greenl. Rep. 30; Kimball v. Cunningham, 4 Mass. Rep. 502; Connor v. Henderson, 15 Mass. R. 319; Seaver v. Dingley, 4 Greenl. Rep. 306; Junkins v. Simpson, 14 Maine Rep. 364; Chitty on Contracts, 276 to 278; Blanchard & Peake v. Stone, 15 Vt. Rep. 271; Burton v. Stewart, 3 Wend. 236.]

5. Such a contract cannot be rescinded, for fraud, if circumstances are so altered by a part execution, that the parties cannot be placed in *statuo quo;* for if it be rescinded at all, it must be rescinded *in toto.* [Potter v. Titcomb, 22 Maine Rep. 300; Barnett v. Stanton & Pollard, 2 Ala. Rep. 181; Chitty on Con. 276, 277.]

6. Such a contract cannot be rescinded, unless the seller, within *a reasonable time,* returns, or offers to return, what he has received under it. And from March or April until July, was too long in this case. [Thomas v. Todd, 6 Hill's Rep. 340; Barnett v. Stanton & Pollard, 2 Ala. Rep. 195; Law-

rence v. Dale, et al. 3 Johns. Ch. Rep. 23 ; McNevins, et al.
v. Livingston, et al. 17 Johns. Rep. 437.]

7. Having once been entitled to rescind the contract, if the
party afterwards do any act which amounts to an admission
of the contract, or negotiates about it, he cannot rescind it.
Even a discovery of a new ingredient or incident in the same
fraud, will not revive the right to rescind. [Campbell v.
Fleming, et al., 1 Adolphus & Ellis, 40 ; Brimley v. Tibbetts,
7 Greenl. Rep. 70 ; Burton v. Stewart, 3 Wend. Rep. 226 ;
Kimball v. Cunningham, 4 Mass. Rep. 502.]

Bowdon and Morris, contra.—1. The loss of the trust deed
was sufficiently established to permit secondary evidence of
its contents. Its execution was also proved by the admission
of plaintiff in error. [Jones, et al. v. Scott, 2 Ala. R. 58 ;
5 Ala. Rep. 435 ; 6 Ala. 589 ; Phillips' Dig. 264, § 71.[

2. The answer of plaintiff in error was proper evidence a-
gainst him, and also so much of the bill as was necessary to
explain the answer. [McGowan and wife v. Young, 2 Stew.
276.]

3. The registered copy of the deed of trust was competent
evidence—the loss of the original being shown. It was im-
portant for the defendant in error to show that the trust deed
under which he claimed had been duly registered. [1 Phil.
Ev. 218 ; Clay's Dig. 255, § 5.]

4. Both charges requested were rightfully refused ; as they
raise an immaterial question as to the rescision of the contract;
whereas under the evidence, the real question is, whether the
contract was so far completed on the part of Adams as to
vest the right of property in him.

A charge, or refusal to charge, is construed with reference
to the evidence, and this court will not reverse, if the charge
refused is either abstract or inapplicable under the proof, or if
no injury has been sustained. [Sheffield & Co. v. Parmlee,
8 Ala. Rep. 894 ; Clay's Dig. 124, § 1 ; Hughes v. Parker,
1 Porter, 144 ; The Mayor, &c. v. Emanuel & Gaines, 9 Por-
ter, 493.]

5. "If a party is not entitled to a charge, *as requested,* the
court may refuse it, and is not bound to modify or reform it."
[Rives & Mather v. McLoskey & Hagan, 5 S. & P. 221.]

61

The first charge asked assumes, improperly, that Shelby in a *month* after it was made, received a mortgage on the property sued for. There is no evidence of that assertion.

The court also properly refused that charge, because it is argumentative, and asks the court to pass on matters of *fact,* properly cognizable by the jury. [Marston v. Baldwin, 17 Mass. 606 and 611; Gurly v. Gettysburg Bank, 7 Sergt. & Rawle, 324; 1 Starkie's Ev. 420, 424, sec. xxxiv.]

6. The second charge was properly refused, as the subject matter of it did not arise out of the evidence.

Without regard to a rescission, the plaintiff below (who was the vendor,) was entitled to recover, upon showing that the vendee was to execute and *acknowledge* a mortgage on all the property, *before the completion of the contract:* and this, notwithstanding a part of the purchase money may have been paid. " *Until the mortgage was made, the title remained in the vendor as against the vendee,* and he might sue without paying back the amount received. [Vaughn v. Wood, 5 Ala. Rep. 304; Story on Con. 314, § 500; Ib. 317, § 508; Cutwater v. Dodge, 7 Cowen, 85; Rappelye v. Mackie, 6 Cowen, 250; Marston v. Baldwin, 17 Mass. Rep. 606; Whitmill v. Vincent, 4 Pick. 449; Billingslea v. Magee, 3 Ala. R. 679; Bennett v. Sims, Rice's Rep. 421; 2 Kent's Comm. 391.]

7. The title papers were left with N. Cook as escrows, and got from him by a fraud; which deprives them of any force.

ORMOND, J.—The sufficiency of the preliminary proof by the plaintiff, to authorize secondary evidence of the contents of the lost deed, though argued here, does not appear to have been distinctly raised in the court below. But considering the point as duly raised upon the record, we think it was sufficient. The objections here made are, that Cook should have been examined as a witness, and that the execution of the deed should have been proved.

The testimony was, that the deed was left by the plaintiff, in his pocket book, in the law office of N. Cook, where he kept some of his papers, and that he and Cook had searched for it. It does not appear from this testimony, that Cook

had the custody of this paper, it was left in his office as a place of deposit, in the pocket book of the plaintiff, and it is not shown that Cook had any knowledge that the deed was even in his office. It is certainly true, that the evidence of the person in whose custody the lost instrument was last known to be, must be adduced, but the fact that the pocket book containing the deed, was left in Mr. Cook's office, does not prove that he had the custody or possession of the deed. As to proof of the execution of the deed before giving secondary evidence of its contents, no such objection was made in the court below, and cannot therefore be made here.

As this was an instrument required by law to be recorded, and was in fact recorded—no presumption can arise, that the original was withheld for an improper purpose. [Jones v. Scott, 2 Ala. Rep. 58.] And in such a case much less stringent evidence will be required of the loss of the original, as there is no inducement whatever for withholding it. In our judgment, the preliminary proof was amply sufficient.

The objection to the answer in chancery is understood to be, that the execution of a deed cannot be proved by the admissions of the obligor. The deed in this case was made by one Holly, and the answer of the defendant admits that the copy exhibited with the bill was correct. If it had been his own deed, his answer would have been sufficient to prove its contents, the original being lost, and there being no subscribing witness to it. But being the deed of another person, as against himself, in such case as this, he certainly could admit both the contents and the execution of the deed, and this was the effect of his answer. The offer in evidence of the registry of the deed was entirely proper, though wholly unnecessary.

We come to the consideration of the charges of the court.

From the testimony it appears, that about the 16th March, 1844, the plaintiff agreed to sell the defendant a tract of land, and nine slaves. The terms of the contract were, that $560 was to be paid down, and the residue in three annual instalments, out of which certain debts due by one Holly, to the defendant, were to be paid. To secure the performance of this contract, the defendant agreed to execute a mortgage on the nine slaves. The money was paid to the plaintiff, and

night having arrived, the parties separated, the plaintiff leaving with N. Cook, Esq. a bill of sale for the slaves, and a deed for the land, to be delivered to the defendant on his executing the mortgage according to the agreement.

That night, the defendant applied to the plaintiff to leave two of the slaves out of the mortgage, but he refused to do so, and said the contract was at an end, if he insisted on it. The next day the defendant returned to Cook and represented to him, that the plaintiff had agreed to leave two of the slaves out of the mortgage—the mortgage was accordingly executed on seven of the slaves, and the deed and bill of sale delivered up to the defendant. In about a month, the mortgage came to the hands of the plaintiff, who sent it to an agent to be presented to the defendant for his acknowledgement, so that it might be recorded. He declined acknowledging it, except on certain conditions. In July afterwards, the plaintiff in person, proposed to defendant, to acknowledge the mortgage, so that it might be recorded, and in that event offered "to make it his contract," and gave him one day to consider of it. Defendant declined doing so, but upon certain conditions which he proposed, and to which the plaintiff refused to accede.

Both of the charges asked for, assume, that a contract had been consummated between the parties, but which the fraud of the defendant authorized the plaintiff to rescind. The first asserts, that the plaintiff slept too long upon his rights to be entitled to a rescission. The second, that he could not rescind without an offer to return the money he had received upon the contract.

However true these propositions may be, as abstract legal questions, they have no application to this case, as disclosed by the testimony. The receipt by the plaintiff of the $560, did not consummate the contract; its consummation depended upon the execution of the mortgage by the defendant upon the nine slaves, and upon this condition only, was the defendant to receive from Cook the evidence of title to the property, as is explicitly stated by Cook in his deposition. Such being the contract of the parties, it cannot be varied by the fraud of the defendent in getting possession of the property. Nor can the rights of the plaintiff be affected by his subse-

quent gratuitous offer, to execute the contract, if the defendant would acknowledge the mortgage on seven, instead of nine of the slaves. This was not, as is erroneously supposed, an offer to rescind a contract previously made, but it was a proposition to make a new contract, which offer was accompanied by a protestation, that the defendant had not complied with the terms upon which he was to be let into posssession of the land and slaves. Considered, as in truth it was, an offer to make a new contract, instead of a proposal to rescind one previously made, it is obvious time is unimportant, and upon the refusal of the defendant to comply with the terms offered, each party was remitted to his original rights; the defendant to the money in the plaintiff's hands, and the plaintiff to the land and slaves, which the defendant had fraudulently got possession of.

From this view it follows, that the court correctly refused the charges asked for, and its judgment is therefore affirmed.